[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND ITS COMPLAINT
The plaintiff in this action, Jan-Tore Dolven ("Dolven"), was the owner of a house and property in Ridgefield, Connecticut. Dolven entered into an exclusive right to list agreement with the defendant listing agent, Ridgefield Realty Group, Inc. d/b/a Century 21 Landmark Properties ("Ridgefield"). Plaintiff subsequently entered into a written lease with a tenant, and the defendant Ridgefield was paid a commission for the above mentioned transaction. The tenant subsequently failed to pay for the use and occupancy of the premises.
In the proposed amended complaint, plaintiff alleges in count four that the defendant Ridgefield owed a fiduciary duty to plaintiff to make a full, fair and prompt disclosure to plaintiff with all the facts within its knowledge which were or may have been material to the transaction, and that the defendant had a duty to represent plaintiff with the reasonable care, skill and diligence possessed and exercised by the ordinary real estate CT Page 8764 broker under similar circumstances. Plaintiff also alleges that the defendant breached its duty to exercise reasonable care, skill, and diligence on plaintiff's behalf.
The parties agree in their papers that the statute of limitations began to run on June 23, 1995. They also agree that the relation back theory does not apply to the amended complaint.
Plaintiff has alleged, in essence, that the defendant is liable for the breach of the fiduciary obligations flowing from the listing agreements signed by the plaintiff and defendant. Plaintiff has not alleged injury to the person or real property. Accordingly, the relevant statute of limitations is either Connecticut General Statutes § 52-577 for actions found upon a tort, or Connecticut General Statutes § 52-576 for actions upon a simple or implied contract which would include duties arising out of the listing agreement and agency relationship.
The defendant argues that the relevant statute of limitations is Connecticut General Statutes § 52-584, which is a two year statute to recover damages for injury to the person or to real or personal property caused by negligence. This argument is incorrect because the plaintiff does not allege injury to person or property.
Under Connecticut General Statutes § 52-577 or Connecticut General Statutes § 52-576, actions are to be brought within three years from the date of the act complained of, which in this case would be no later than June 25, 1998. Accordingly, plaintiff filed his request to amend Complaint in a timely manner on April 1, 1998.
For all the foregoing reasons, plaintiff's request to amend the Complaint is granted.
Rogers, J.